Channing J. Hartelius
HARTELIUS LAW CENTER
401 3rd Ave. North
P.O. Box 1024
Great Falls MT 59403
Telephone 406-788-0035
Email channing@harteliuslaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
GREAT FALLS DIVISION

| JOHN C. PRESTON and LESA PRESTON,<br><br>Plaintiffs,<br><br>v.<br><br>USAA GENERAL INDEMNITY COMPANY, and JOHN DOES 1-5,<br><br>Defendants. | CAUSE NO: CV-21-18-GF-BMM-JTJ<br><br><br><br>COMPLAINT AND REQUEST FOR JURY TRIAL |
|---|---|

COME NOW the Plaintiffs, and for their complaint against the Defendants, allege and complain as follows:

### COUNT I-GENERAL ALLEGATIONS

1. Plaintiff, at all times relevant to this litigation, were and are residents of Cascade County, Montana.

2. The court has jurisdiction in that the Defendant USAA General Indemnity Company (Hereinafter USAA) is an out of state insurance company and the claim

1

exceeds $75,000.00.

3. Defendants John Does 1 through 5, are unknown to Plaintiff, at this time, but may be liable for the damages to the Plaintiff. When the Plaintiff has more information a motion to add parties will be made.

4. On or about September 12, 2019, Plaintiff John Preston was traveling south on 34th Street North in Great Falls Montana. At the same time Sheldon Birdwell was traveling North bound on 34th Street North. As they each approached the intersection of 34th Street and 2nd Ave. North, they both had to stop for the stop sign and wait for traffic to pass. When the traffic cleared Plaintiff had the right of way and proceeded into the intersection. Sheldon Birdwell did not look for traffic and attempted to turn onto 2nd Ave. North, and ran into Plaintiff's vehicle.

5. Sheldon Birdwell negligently attempted to make an illegal turn and as a result caused severe injuries to Plaintiff John C. Preston.

6. As a cause of the negligence of Sheldon Birdwell, Plaintiff John C. Preston has suffered, and will continue to suffer damages, including:
   a. Serious and permanent personal injuries;
   b. Pain and suffering;
   c. Mental and emotional distress;
   d. Lost earnings and earning capacity;
   e. Medical expenses; and
   f. Loss of an established course of life.

7. As a result of the incident, Plaintiff Lesa Preston has suffered damages in the form of emotional distress, loss of consortium, aid, assistance, affection, and society of her husband, John C. Preston

8. Sheldon Birdwell was covered by a policy of insurance whose liability policy limits were paid but were insufficient to compensate Plaintiff's injuries and damages.

## COUNT II- DECLARATORY JUDGMENT FOR UIM BENEFITS

9. Plaintiffs replead paragraph 1-8, as fully set forth.

10. The car which Plaintiff occupied at the time of the aforementioned collision, was insured under a policy or policies sold and issued by Defendant USAA.

11. Said insurance policy or policies provided coverage to the occupants of said vehicle and other household members in the event they sustain damages as a result of the negligence of an underinsured motorist. The insurance policy which covered Sheldon Birdwell at the time of the collision is insufficient to compensate Plaintiff for his damages.

12. Defendant USAA is liable to the Plaintiff for his damages sustained which are in excess of the insurance proceeds covering Sheldon Birdwell.

13. The USAA insurance policy or policies also provided no fault medical payments coverage to the occupants of said vehicle and other household members in the event they incur medical expenses.

14. Defendant USAA is obligated to pay Plaintiff's no fault medical payments coverage.

15. Defendant USAA has refused to pay the medical payments coverage.

16. Plaintiff's John Preston and Lesa Preston have been required to seek legal counsel to pursue unjustified refusal to pay underinsured and medical payments claims under the policy and is entitled to reimbursement of attorney fees as such.

## COUNT III- VIOLATIONS OF THE MONTANA UNFAIR TRADE PRACTICES ACT

17. Plaintiff repleads paragraphs 1-16, as if fully set forth.

18. USAA is subject to the statutory obligations of an insurer under Montana law enumerated in 33-18-201 M.C.A. including the duty to affirm or deny coverage

3

within a reasonable time, the duty to not misrepresent coverage, including misrepresentations by omission or failure to respond, the duty to not refuse to pay a claim without conducting a reasonable investigation, the duty to attempt in good faith to effectuate an prompt, fair and equitable settlement when liability is reasonably clear, the duty to not compel insureds to file suit to recover amounts due under a policy and the duty to provide a reasonable explanation of the basis in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

19. USAA violated each of these statutory obligation to Plaintiff with respect to the underinsured and medical payments claims.

20. USAA's violation of Montana Law give rise to these extra-contractual tort claims.

## COUNT IV-COMMON LAW BAD FAITH

21. Plaintiff repleads paragraphs 1-20, as if fully set forth.

22. USAA acted in common law bad faith when they violated Montana Law and are refusing to pay reasonable damages.

## COUNT V-PUNITIVE DAMAGES

23. Plaintiffs repleads paragraphs 1-22, as if fully set forth

24. The acts and omissions of USAA were intentional and/or in reckless disregard of the rights and safety of Plaintiffs John C. Preston and Lesa Preston, thereby entitling Plaintiffs to an award of punitive damages against Defendants USAA pursuant to Mont. Code Ann. §27-1-221.

4

WHEREFORE, Plaintiff prays for relief as follows:

1. For Plaintiff John C. Preston's past and future medical expenses, past and future pain and suffering, past and future altered course of life, loss of earnings and earning capacity;

2. For Plaintiff Lesa Preston's emotional distress, loss of consortium, aid, assistance, affection, and society of her husband;

3. For Plaintiff John C. Preston's medical payment coverage to be paid.

4. For USAA to pay punitive damages for the sake of punishing Defendants and deterring similar unwarranted and unlawful conduct;

5. For such other and further damages as may be shown to have been caused by Defendants violations.

6. For Plaintiffs' attorney fees and costs incurred in bringing this action.

7. For such other and further relief as to the Court may seem just and proper in the premises.

## JURY DEMAND

Plaintiffs demands a trial by jury.

Dated this ___ day of February, 2021.

HARTELIUS LAW CENTER
By: Channing J. Hartelius
Attorney for Plaintiffs